**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LYNN GREENSTEIN,**
                      **Plaintiff,**

**-vs-**                                                              **Case No. 6:10-cv-1026-Orl-22DAB**

**MAL-MOTELS, INC and MOHAMMAD MALIK,**
                      **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:    PLAINTIFF'S MOTION TO APPROVE FLSA SETTLEMENT (Doc. No. 25)**
>
> **FILED:      February 14, 2011**

The undersigned Magistrate Judge served as the settlement judge in this case. During the settlement conference, an agreement to resolve the case was reached in principle. The parties have now entered into a settlement agreement and ask that the Court find that the settlement is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The motion has been referred to me because I am aware from the discussions I had during the settlement conference of the disputes between the parties and the reason a compromise was reached.

In her answers to the Court's interrogatories, Plaintiff Lynn Greenstein averred that she was owed $4,840.00 in overtime, and equal amount of liquidated damages, and $1,280.00 for two weeks of unpaid straight time, for a total of $10,960.00. Doc. No. 11. Under the settlement agreement, Greenstein will receive $3,380.00, of which $580.00 constitutes costs advanced by her counsel and due to them. Therefore, Greenstein will effectively receive $2,800.00.

After review of the records maintained by Defendant, Plaintiff agrees that Plaintiff's estimate of the monies owed to her was overstated. The parties agree that the amount Plaintiff will be paid fully compensates her for all overtime compensation and liquidated damages arguably due. Therefore, there has been no compromise. Accordingly, the settlement is a fair and reasonable compromise of a bona fide dispute under the FLSA. *See Lynn's Foods Store, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

The parties agree to submit to the Court the question of the reasonable attorney's fees. Therefore, the amount of attorney's fees to be paid has not tainted the settlement reached.

Accordingly, I **respectfully recommend** that the Court **FIND** that the settlement is a fair and reasonable compromise of a bona fide dispute under the FLSA, **DECLINE** to reserve jurisdiction to enforce the settlement agreement, and **ORDER** the parties to confer in a good faith effort to resolve the attorney's fees to be paid and, if not resolved, establish a briefing schedule for assessment of attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 15, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy