# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LYNN GREENSTEIN,**

        **Plaintiff,**

**-vs-**                                 **Case No. 6:10-cv-1026-Orl-22DAB**

**MAL-MOTELS, INC and MOHAMMAD MALIK,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 28)**
>
> **FILED:** March 24, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

At issue is the amount of attorney's fees to be awarded to Plaintiff's counsel in this Fair Labor Standards Act case. According to the docket, at a settlement conference before Judge Spaulding, the parties settled the amount of Plaintiff's claim but not the issue of attorney's fees. In her September answers to the Court's interrogatories, Plaintiff Lynn Greenstein averred that she was owed $4,840.00 in overtime, an equal amount of liquidated damages, $1,280.00 for two weeks of unpaid straight time, for a total of $10,960.00, "and approximately $16,000.00 in attorney's fees and costs incurred so far" (while noting elsewhere approximately 15 billable hours to date at a rate of $350 per hour [totaling $5,250]) (Doc. No. 11). The fee claim was later amended to $6,000 in attorney's fees (Doc. No. 18).

Under the settlement agreement, Greenstein will receive $3,380.00, of which $580.00 constitutes costs advanced by her counsel and due to them. Therefore, Greenstein will effectively receive $2,800.00.

As noted by the settlement judge:

> Plaintiff agrees that Plaintiff's estimate of the monies owed to her was overstated. The parties agree that the amount Plaintiff will be paid fully compensates her for all overtime compensation and liquidated damages arguably due. Therefore, there has been no compromise.

(Doc. No. 26). The District Judge adopted Judge Spaulding's recommendation to approve the settlement, ordered the parties to confer as to the amount of attorney's fees to be paid, and directed Plaintiff to file a "fully supported" Motion for Award of Attorney's Fees by a date certain (Doc. No. 27). The instant motion timely followed, and Defendant has filed an opposition brief (Doc. No. 29). For the reasons set forth herein, it is **recommended** that the motion be **granted,** to the extent it seeks an award of fees, and **denied** to the extent it seeks $9,531.00, and expert witness fees of $750.00. The Court **recommends** an award of $5,750.00 in fees, and no award to the expert.

**Standards of Law**

Under 29 U.S.C. § 216(b), "[t]he court in [an action to recover for a violation of FLSA] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Additional factors to be considered in determining a reasonable fee include:

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion

      of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d at 1292 (*citing Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Id.* at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

**Issues and Analysis**

Plaintiff's attorney Maurice Arcadier calculates the lodestar based on the following:

| Timekeeper | Rate | Hours | Total |
| --- | --- | --- | --- |
| Arcadier | $300 | 31.2 | $9,360.00 |
| Paralegal | $95 | 1.8[1] | $171.00 |
| Total | | | $9,531.00 |

In support of these fees, Plaintiff presents his Affidavit (Doc. No. 28-1), and the Affidavit of Daniel Perez, Esq. (Doc. No. 28-3). From a review of the docket, the Court finds the total amount claimed to be at odds with the amount of legal work appropriate for handling this case.

---

[1] In Affidavit, Mr. Arcadier erroneously claims "4 hours" of paralegal time. The ledger provided claims otherwise.

-3-

*Reasonable Rate*

Counsel suggests that a reasonable rate for like work in this district by experienced employment law attorneys is between $250 and $375 per hour. Mr. Arcadier contends that $300 an hour for his time is reasonable, as he has litigated "more than a hundred employment law cases and FLSA cases," is board certified in labor law, and "the Middle District of Florida has already approved Mr. Arcadier $300 for his attorney fee hourly rate in *Pypers v. Fifth Avenue Grill*, Case No. 6:07-cv-559-Orl -18UAM back in 2007." (Doc. No. 28-1 at p.3).

Although Mr. Arcadier claims to have litigated more than a hundred employment law and FLSA matters, he does not list any illustrative cases, other than the *Pypers* case, which was decided "back in 2007." Importantly, he fails to note the far more applicable and recent case of *Moore v. Appliance Direct, Inc.,* 2009 WL 909271 (M.D. Fla. 2009). In *Moore*, Judge Conway rejected similar arguments made by this counsel and affirmed the undersigned's recommendation that $210 an hour was a reasonable rate for Mr. Arcadier's services. In doing so, Judge Conway noted that:

> Plaintiffs have not sufficiently demonstrated that Mr. Arcadier's skill and experience are comparable to other attorneys handling FLSA matters. Plaintiffs' belated reference to a single FLSA case, *Pypers,* is unavailing. As acknowledged by Mr. Arcadier*, Pypers* was resolved by a default judgment and the plaintiff's petition for attorneys' fees was uncontested. Thus, its persuasiveness is limited in this case because Defendants vigorously contest Plaintiffs' motion. The *Pypers* court's award of an hourly rate of $300.00 does not persuade this Court that an award of $300.00 is appropriate in this case. Accordingly, based on Plaintiffs' inadequate documentation of Mr. Arcadier's skill and experience in FLSA matters, the Court awards Mr. Arcadier a rate of $210.00 per hour.

*Moore,* Case No. 6:08-cv-317-ACC-DAB, Doc. No. 67, 2009 WL 909271. Mr. Arcadier's failure to cite *Moore,* let alone distinguish it, belies his claim that he is worthy of $300 an hour here.

Moreover, applying the *Johnson* factors, there is nothing novel or particularly compelling about this case to justify a $300 fee. This is a relatively routine FLSA action, involving no particular expertise. Indeed, Plaintiff's counsel admitted that Plaintiff's claim was overstated and the matter then settled promptly at conference. There is no evidence that Mr. Arcadier regularly charges his

-4-

paying clients $300 an hour for similar services, and the Court finds that it would be rare to find a local client willing to pay that amount in these economic times for work at this level of difficulty.[2] As other practitioners with similar FLSA experience are routinely awarded no more than $250 an hour for such work, it is **recommended** that a reasonable rate of $230 be applied.[3]

As for paralegal rates, the work performed by the staff person here is entirely clerical in nature. While a paralegal's work is compensable when he or she performs work otherwise billable by counsel (such as drafting pleadings, research, etc.), purely ministerial work of, as here, calendaring dates and scheduling conferences, is included in overhead and is not compensable at $95 an hour. There is no support for taxing this rate for the services provided here. The Court recommends no award for paralegal services in this matter.[4]

*Reasonable Hours*

In addition to the slightly agressive hourly rate, the Court finds the amount of hours set forth in the itemization provided to be excessive, and certain items claimed are non-compensable. For example, counsel claims two hours in travel time. As Judge Conway has previously noted, however, "Mr. Arcadier's travel time is not compensable." *Moore, supra, citing Dillard v. City of Foley*, 995 F.Supp. 1358, 1370 (M.D. Ala. 1998) (noting that "courts have reduced the compensation of out-of-town counsel, or have refused to compensate them at all, for travel time where the case could have been litigated ably by local counsel"). Also, according to the docket entries and Defendant's response, the parties had a great deal of difficulty communicating and a portion of that difficulty must

---

[2] The Court has read the tendered Affidavit of Attorney Daniel Perez, attesting to the reasonableness of the rates and hours claimed, but is unpersuaded by Mr. Perez's opinion that a reasonable range for Mr. Arcadier's services is $275 to $375/hr. Mr. Perez cites no cases where this Court awarded $375 for like work. Indeed, the Court takes judicial notice that in recent filings in this district, Mr. Perez has valued his own services for the same type of work at a rate less than the $300/hr sought here. *See, e.g.,* Case No. 6:10-cv-515-Orl-28 GJK, Doc. No. 23.

[3] The Court has added twenty dollars an hour increase to the rate of $210 an hour found to be reasonable in 2009.

[4] Mr. Arcadier swears in his Affidavit that Ms. Laveria is a "staff member" who spent "4 hours" on the case "representing a total expense of $171." The math error aside, there is no showing of her qualifications, education or experience as a paralegal, and no evidence that she has been awarded the rate claimed in other cases.

be laid at each side's door.[5] The Court has addressed dozens, if not hundreds, of similar FLSA cases filed in this district within the last several years. Based on its experience, and absent sufficient evidence to the contrary, a reasonable amount of time for handling such a matter is no more than 25 hours. The Court therefore finds a reasonable fee to be calculated as:

| **Timekeeper** | **Rate** | **Hours** | **Total** |
| --- | --- | --- | --- |
| Attorney Arcadier | $230 | 25 | $5,750.00 |
| Paralegal | | 0 | no award |
| **Total** | | | **$5,750.00** |

*Expert fees*

As noted, the motion includes an Affidavit of Attorney Daniel Perez, attesting to the reasonableness of the rates and hours claimed, and Mr. Perez seeks an expert witness fee of $750. As Judge Conway ruled in *Moore,* however, such a fee is not chargeable to one's adversary in this context. *Moore, supra,* 2009 WL 909271, 4 ("Neither 29 U.S.C. § 216(b) or 28 U.S.C. § 1920 provide a basis for Plaintiffs to recover fees paid to non-testifying expert witnesses. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir.1988); *Tang How*, 756 F.Supp. at 1546.").

**Conclusion**

For the reasons set forth above, it is **respectfully recommended** that the motion be **granted, in part and denied, in part,** and that an award of $5,750.00 be made for attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[5]In addition to Plaintiff's claim being overstated, counsel's original claim for attorney's fees was also incorrect, necessitating work to amend the Interrogatories. This error is not chargeable to Defendant and warrants appropriate reduction of the fee. Moreover, Plaintiff prepared a Notice of Actions, which was stricken by the Court (Doc. Nos. 21, 24).

Recommended in Orlando, Florida on April 26, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy